# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CLUB FITNESS HOLDINGS, INC., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.   ) | Case No. |
| ) | |
| The UNITED STATES SMALL ) | |
| BUSINESS ADMINISTRATION and ) | |
| ISABELLA CASILLAS GUZMAN, in ) | |
| her official capacity as Administrator of ) | |
| the United States Small Business ) | |
| Administration, ) | |
| ) | |
| Respondents. ) | |

## PETITION FOR JUDICIAL REVIEW

Petitioner Club Fitness Holdings, Inc. ("**Club Fitness**" or "**Petitioner**"), through counsel, hereby submits this Petition for Judicial Review against Respondents United States Small Business Administration and its Administrator Isabella Casillas Guzman (collectively, the "**SBA**").

## INTRODUCTION

1. Club Fitness brings this action pursuant to the Administrative Procedure Act ("**APA**"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. A true and accurate copy of the underlying administrative record is attached to this Petition as AR0001–611.

3. In early 2020, Congress responded to the COVID-19 Pandemic by enacting the Coronavirus Aid, Relief, and Economic Security Act (the "**CARES Act**") (Pub. L. 116–136, 134 Stat. 281).

4. Sections 1102 and 1106 of the CARES Act established the Paycheck Protection Program ("**PPP**"), to be administered by the SBA.

5. As the SBA itself has recognized, the intent of the CARES Act was to assist eligible businesses impacted by the pandemic. *See* 86 Fed. Reg. 51589–90 (explaining the CARES Act was designed "to provide relief to America's small businesses expeditiously," at a time when "many small businesses nationwide have experienced and continue to experience economic hardship" and "a dramatic decrease in economic activity" related to the COVID-19 Pandemic).

6. Club Fitness, a regional gym and fitness center domiciled in Missouri that owns and operates locations in Missouri and Illinois, demonstrated its eligibility for a PPP loan in its PPP application to the SBA in April 2020 (the "**Application**"). *See* AR00051–64.

7. The Application was prepared and submitted with the assistance of lender Regions Bank ("**Regions**"). *See id.*

8. In confirmation of Club Fitness' eligibility, the SBA approved the Application in the amount of $2,417,900.00.

9. When Club Fitness applied for forgiveness, however, the SBA determined Club Fitness "was ineligible for the PPP loan" because of a one-time life insurance payment that Club Fitness had received in 2019. *See* AR0089–92, AR0596–97.

10. Club Fitness and Regions disagreed with this conclusion, and Regions informed Club Fitness it would handle Club Fitness' appeal to the SBA. *See, e.g.,* AR0561.

11. Contrary to Regions' representations, however, Regions did not actually file or otherwise handle the appeal.

12. By the time Club Fitness discovered this, its deadline to appeal the denial to the SBA's Office of Hearings and Appeals' (the "**OHA**") had passed.

13. Club Fitness nevertheless appealed the SBA's decision to the OHA, requesting that the appeal deadline be equitably tolled due to the misrepresentations of its lender.

14. The OHA dismissed the appeal as untimely and concluded that it lacked authority to apply equitable tolling to this deadline.

15. Accordingly, Club Fitness now seeks judicial review of the OHA's erroneous conclusion that it had no discretion to apply equitable tolling under 13 C.F.R. § 134.1205(a)(2).

16. Club Fitness respectfully requests that this Court reverse the OHA's decision that it cannot apply equitable tolling as a matter of law, and remand the case back to the OHA to hear Club Fitness' appeal or otherwise consider the merits of Club Fitness' equitable tolling argument.

## JURISDICTION AND VENUE

17. This Court has jurisdiction of this dispute under 5 U.S.C. § 702; 15 U.S.C. § 634(b)(1); and 28 U.S.C. §§ 1331 and 2201.

18. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 703 because Petitioner resides in this judicial district.

19. This Court has authority to issue declaratory relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

20. The OHA reconsidered and reaffirmed its dismissal of Club Fitness' appeal on January 12, 2023, such that its decision became final on February 11, 2023. *See* 13 C.F.R. § 134.1211(c)(3).

21. Plaintiff is therefore entitled to judicial review of the OHA's final decision. *See* 13 C.F.R. § 134.1201(d) ("An appeal to OHA is an administrative remedy that must be exhausted before judicial review of a final SBA loan review decision may be sought in a Federal district court."); *see also* § 134.1211(g) ("Final decisions may be appealed to the appropriate Federal district court only.")

## PARTIES

22. Club Fitness is a Missouri corporation that operates fitness centers across Missouri and Illinois.

23. The SBA is an independent federal agency created and authorized under 15 U.S.C. § 633 *et seq.*

24. Isabella Casillas Guzman is the Administrator of the United States Small Business Administration. She is named a party to this action in her official capacity.

## BACKGROUND

### *PPP Loan Program*

25. Congress entrusted the administration of the PPP to the SBA, explicitly incorporating SBA's existing framework for "small business concerns" who are eligible for PPP loans. 15 U.S.C. § 636(a)(36)(D)(i) ("During the covered period, *in addition to small business concerns*, [other small business and organizations] shall be eligible to receive a covered loan . . .") (emphasis added).

26. In determining whether a company is a "small business concern," the SBA employs various tests, including an alternative size standard based on the applicant's maximum tangible net worth and average net income after federal taxes.

27. Congress authorized the SBA to establish an alternative size standard via the Small Business Jobs Act of 2010. *See* P.L. 111-240.

28. This Act also provided an interim standard to apply until the SBA decided what the alternative size standard should be. *See id.*

29. The SBA has not yet issued interpretive regulations, so the interim standard is still in effect.

30. Under this standard, the applicant must have (a) no more than $15 million in tangible net worth at the time of the application and (b) no more than $5 million in average net income, after federal taxes, for the two fiscal years prior to the date of the application. *See id.*; 15 USC § 632(a)(5).

31. As of April 6, 2020, the SBA advised that small businesses meeting this alternative size standard were eligible for PPP loans. *See* AR0604–605 (Paycheck Protection Program Loans Frequently Asked Questions (FAQs), at Question 2).

32. For an eligible entity, the purpose of the PPP loan program was to assist with certain business-related expenses, including payroll, mortgage or lease payments, and utility payments. *See* 15 U.S.C. § 636(a)(36)(F).

33. PPP loans issued under the CARES Act would be eligible for forgiveness to the extent they were used for these specific business expenses. 15 U.S.C. § 636m(b).

### *Club Fitness Receives a One-Time Life Insurance Payment*

34. Club Fitness' founder and former Chief Executive Officer was John C. Crocker.

35. In 2015, Club Fitness incurred a substantial debt to Mr. Crocker's trust due to a major restructuring of the business, which allowed it to become employee owned.

36. Because of this debt, Club Fitness procured a life insurance policy for Mr. Crocker so it could pay off the debt owed to Mr. Crocker's trust in the event of his untimely death.

37. Club Fitness does not generally take out life insurance policies on key personnel, and it only had such a policy for Mr. Crocker.

38. On May 25, 2019, Mr. Crocker unexpectedly passed away at the age of 57.

39. Thereafter, Club Fitness received a one-time payment of $10,012,435.66 in life insurance proceeds.

40. The majority of these proceeds were used to pay Mr. Crocker's trust.

### *The SBA Approves Club Fitness for a PPP Loan*

41. The following March, the COVID-19 pandemic made it impossible for Club Fitness to maintain its business operations and keep employees on payroll.

42. Club Fitness reviewed the SBA's guidance and confirmed that it was eligible to receive a PPP loan under the Alternative Size Standard.

43. Club Fitness' tangible net worth as of March 27, 2020, was -$42,053,802—well under the $15 million limit.

44. Club Fitness' average net income for 2018 and 2019 was approximately $4,140,000—well under the $5 million limit.

45. On April 29, 2020, Club Fitness applied through Regions for a PPP loan in the amount of $2,417,900.00.

46. The SBA approved Club Fitness' PPP loan with a fixed 1.00% interest rate and a 24-month maturity date.

47. Club Fitness adhered to all PPP requirements governing use of the funds and used the loan proceeds for payroll.

### *The SBA Denies Club Fitness' Application for Loan Forgiveness*

48. On June 8, 2021, Club Fitness applied for full loan forgiveness. AR0089–92.

49. In the following months, the SBA requested additional information related to Club Fitness' financial records to determine its eligibility for the PPP loan under the Alternate Size Standard.

50. Club Fitness diligently responded to each request.

51. On July 25, 2022, the SBA rejected Region Bank's recommendation to approve loan forgiveness and denied Club Fitness' application. AR0596–597.

52. The SBA determined Club Fitness "was ineligible for the PPP loan" because Club Fitness did "not meet the size standard based on the Alternative Size Standard." *See id.*

53. The SBA's decision agrees that Club Fitness' tangible net worth is less than the limit.

54. However, the SBA appears to have included the one-time receipt of non-operating life insurance in its calculation of Club Fitness' average net income.

55. This insurance payment was not income and should not have been included in the calculation of Club Fitness' net income for 2019.

### *Regions Misrepresents its Handling of the Appeal*

56. Immediately after receipt of the Final SBA Loan Review Decision, Regions' Senior Vice President, Jimmy Abbott, texted Club Fitness' current CEO, Eric Schreimann, stating, "We will appeal that ruling and get the proper channels involved. Just saw that notice." AR0561.

57. On August 8, 2022, Mr. Schreimann followed up with Mr. Abbott and other Regions contacts to ask about the status of the appeal. Will Peter, Regions' Director of Commercial Corporate Finance, replied, "Our PPP team is looking into this now. I know they were working with Jimmy on the appeal process when you first sent us this notice. More to come . . ." AR0557.

58. On September 13, 2022, Club Fitness repeated its request to Mr. Abbot for an update on the PPP status. Mr. Abbott did not respond. AR0563.

59. Approximately one week later, Club Fitness followed up again, reiterating its request for "[a]ny updates." AR0563.

60. Regions did not provide a status update on the measures it had undertaken to file the appeal, nor did it state that the deadline to file had lapsed.

61. Instead, Regions responded for the first time with links to information about the SBA appeal process on September 19, 2022. AR0567–569.

62. Thus, Club Fitness first learned on September 19 that Regions had not filed an appeal of the Final SBA Loan Review Decision, despite Regions' representations that it would appeal the denial of loan forgiveness on Club Fitness' behalf.

63. When Club Fitness raised concerns about the appeal deadline having passed, Regions responded, "Just like the SBA had 90 days to respond to your Forgiveness Application . . . " to indicate that it believed there was flexibility in the appeal deadline. AR0565.

### *Club Fitness' Appeal is Dismissed as Untimely*

64. On October 13, 2022, Club Fitness appealed the Final SBA Loan Review Decision to the OHA pursuant to 13 C.F.R. § 134.1201(b).

65. The appeal was filed within 30 days of when Club Fitness had actual notice of its obligation to file the appeal.

66. On November 3, 2022, the SBA filed a motion to dismiss Club Fitness' appeal as untimely. AR0018–21.

67. On November 7, 2022, the OHA issued an Order to Show Cause as to why the appeal should not be dismissed as untimely under 13 C.F.R. §§ 1202(a) and 134.1205(a)(2). AR0017.

68. In response, Club Fitness argued that it had timely filed an appeal within 30 days of receiving actual notice of its obligation to file the appeal. AR0011–16.

69. Alternatively, Club Fitness contended that the deadline to file an appeal from the Final SBA Loan Review Decision denying loan forgiveness should be equitably tolled because Club Fitness had reasonably but detrimentally relied on Regions' misrepresentations that Regions would submit the appeal. AR0011–16.

70. On November 15, 2022, the OHA entered an order (the "**Initial OHA Decision**") dismissing Club Fitness' appeal as untimely. AR0009–10.

71. While sympathetic to Club Fitness' situation, the OHA stated it had no authority to equitably toll the deadline:

> Assuming the factual allegations made by [Club Fitness], there is a good case made for an equitable tolling as it seems quite unfair for a Borrower not to [be] able to rely on such representations as were apparently made here. Nevertheless, I am bound by the time constraint contained in the regulation which contains no explanation. It explicitly states that a judge cannot modify the time for commencement of an appeal.

AR0009–10 (Initial OHA Decision).

72. Accordingly, the OHA held that Club Fitness' deadline to file the appeal had been August 25, 2022, and dismissed the appeal as untimely under 13 C.F.R. § 134.1205(a)(2). *Id.*

*Petition for Reconsideration*

73. On November 23, 2022, pursuant to 13 C.F.R. § 134.1211(c), Club Fitness filed a Petition for Reconsideration with the OHA. AR0005–8.

74. Club Fitness argued that "[t]ime bars in suits against the government are presumptively subject to equitable tolling." AR0006 at ¶ 4 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990)).

75. In support, Club Fitness noted that the power to impose jurisdictional bars resides with Congress, not administrative agencies. AR0005 at ¶ 3 (citing *Iavorski v. U.S. I.N.S.*, 232 F.3d 124, 133 (2d Cir. 2000)).

76. On January 12, 2023, the OHA issued its Summary Denial of Petition for Reconsideration (the "**Reconsidered OHA Decision**"). AR0001–3.

77. The OHA concluded that Club Fitness had not demonstrated an error of fact or law material to the OHA Initial Decision that would warrant reconsideration and reversal. AR0001–3.

78. Accordingly, the OHA denied the Petition for Reconsideration. AR0001–3.

79. The SBA Administrator did not exercise its discretion to review or reverse the Reconsidered Initial OHA Decision. *See* 13 C.F.R. § 13.1211(c)(3), (d).

80. Accordingly, the Reconsidered OHA Decision became final on February 13, 2023—30 days after its entry. *See* 13 C.F.R. § 13.1211(c)(3).

81. Petitioner now appeals the OHA's final decision under 13 C.F.R. § 134.1211(g), which permits appeal of a final decision "to the appropriate Federal district court only."

## CLAIMS FOR RELIEF

82. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

83. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

84. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E).

## **FIRST CAUSE OF ACTION**
**(Agency Action Contrary to Law)**

85. Club Fitness incorporates the allegations of paragraphs 1 through 84 of this Petition by reference, as though fully set forth herein.

86. The OHA held that it could not apply equitable tolling as a matter of law.

87. This decision was contrary to law.

88. Numerous cases have confirmed that equitable tolling principles apply in administrative settings. *See, e.g., Xanthopoulos v. United States Dep't of Lab.*, 991 F.3d 823, 832 (7th Cir. 2021) (discussing standard of judicial review on an agency's refusal to equitably toll a time limit and assembling cases); *Turgeau v. Admin. Rev. Bd.*, 446 F.3d 1052, 1056 (10th Cir. 2006) (reversing agency's denial of equitable tolling and remanding to the agency with directions to toll the statute of limitations on the plaintiff's administrative claim).

89. The Supreme Court has explained that the applicability of equitable tolling depends on Congress' enabling statute, not on an administrative agency's regulations, policies, or

procedures. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990) (setting out the framework for deciding the applicability of equitable tolling in suits against the Government).

90. The *Irwin* case adopted the general rule that time bars in suits against the government are presumptively subject to equitable tolling. *Id.* at 95–96.

91. The Supreme Court has repeatedly held that filing deadlines are subject to equitable tolling unless "Congress has clearly stated as much." *United States v. Wong*, 575 U.S. 402, 407–12 (2015) (citations and internal quotations omitted). In applying the clear statement rule, the Supreme Court has said that most time bars, **even if mandatory and emphatic**, are nonjurisdictional. *See id.*

92. The OHA's dismissal of Club Fitness' appeal on the ground that it has no discretion to apply equitable tolling is therefore an abuse of discretion and/or violated the Act and is contrary to law.

## SECOND CAUSE OF ACTION
### (Arbitrary and Capricious Agency Action)

93. Club Fitness incorporates the allegations of paragraphs 1 through 92 of this Petition by reference, as though fully set forth herein.

94. An administrative agency must provide the grounds for its actions.

95. A failure to do so renders an agency's action arbitrary and capricious.

96. Before the OHA, Club Fitness argued that it did not receive actual notice regarding the appeals process until September 19, 2022.

97. Specifically, it asserted that the first time Club Fitness learned Regions had not filed the appeal, and that Club Fitness would need to review the SBA's denial letter and file the appeal, was on September 19, 2022.

Case: 4:23-cv-00299-JMB   Doc. #: 1   Filed: 03/10/23   Page: 13 of 14 PageID #: 13

98. The OHA's decision did not address this argument or provide Club Fitness with any specific reason for rejecting this argument.

99. In addition, on Club Fitness' petition for reconsideration, the OHA included facts and details that were not true of Club Fitness' application.

100. Specifically, that decision stated Club Fitness initiated an appeal on August 4, 2022. If this date were true, Club Fitness' appeal would have been timely. AR0001.

101. It further provided that the OHA issued an Order to Show Cause on November 15, 2022, to which Club Fitness never responded. AR0001.

102. This is incorrect. The Order to Show Cause was issued on November 7, 2022, and Club Fitness promptly responded on November 14, 2022. AR0011–17.

103. Finally, the OHA Reconsidered Decision states that the SBA's underlying order was withdrawn. AR001.

104. Club Fitness has never been informed that the underlying order was withdrawn.

105. For these reasons, the OHA's dismissal of Club Fitness' appeal and subsequent reconsideration of this dismissal were arbitrary and capricious.

### THIRD CLAIM FOR RELIEF
**(Declaratory Relief)**

106. Club Fitness incorporates the allegations of paragraphs 1 through 105 of this Petition by reference, as though fully set forth herein.

107. The SBA's above-described conduct is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, and/or unsupported by substantial evidence.

108. As a result of the foregoing, Club Fitness is entitled to an Order from this Court including without limitation the following:

a. the SBA shall retain appropriations in an amount sufficient to fund Club Fitness' loan forgiveness under the PPP Loan Program, but no less than $2,417,900.00;

b. the SBA shall be directed to apply equitable tolling or otherwise consider whether the facts supporting Club Fitness' equitable tolling argument warrant equitable tolling;

c. the SBA shall be directed to reverse its denial of Club Fitness' Application or otherwise consider Club Fitness' Application consistent with applicable law and the evidence before the SBA; and

d. the SBA shall provide Club Fitness with any other additional awards consistent with applicable law and the evidence before the SBA.

## **PRAYER FOR RELIEF**

WHEREFORE, Club Fitness respectfully requests the declaratory relief consistent with that described in Club Fitness' third cause of action herein, for an award of Club Fitness' costs and reasonable attorneys' fees; and for such other and further relief as is deemed appropriate by this Court.

Dated: March 10, 2023

/s/ *Angela B. Kennedy*
Angela B. Kennedy (69167MO)
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070 (telephone)
(314) 621-5065 (facsimile)
akennedy@atllp.com

*Attorneys for Petitioner Club Fitness Holdings, Inc.*